IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BROOKS M. WITZKE<br>108 West Main Street<br>Salisbury, MD. 21801<br><br>Plaintiff<br><br>v.<br><br>BETTINA CECILE FERGUSON<br>(DOB 09/1948)<br>206 Fox Road<br>Dover Delaware 19901<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No.: 17-1295 |

FILED
SEP 11 2017
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

* * * * * * * * * * * * *

**COMPLAINT**

Plaintiff, Brooks Witzke, through Pro-Se Representation, files this Complaint against Defendant, Bettina C. Ferguson, and as cause of action states as follows:

**NATURE OF THE CASE**

1. This action is brought by the Plaintiff, Brooks Witzke (Hereinafter "Witzke") Who brings this complaint against the Defendant, Bettina C. Ferguson (Hereinafter "Ferguson"). At the time of this heinous offense, Ferguson was employed as an Unemployment Appeals Referee for the Delaware Division of Unemployment Insurance. On December 10, 2015, Plaintiff had applied for unemployment insurance benefits and appeared to litigate an unemployment hearing; attempting to fully exercise his right to represent himself Pro-Se. Ferguson, having knowledge of her duties as an unemployment referee, maliciously, in bad faith and with wanton negligence, intentionally deprived Plaintiff of his right to due process and be afforded a fair hearing in accordance with the Constitution of the United States, The Constitution of the State of Delaware, and the statutory

protections of the State of Delaware. Ferguson's actions were done maliciously, in bad faith, and with wanton negligence and disregard for her duties; Ferguson intentionally deprived Plaintiff of the same liberties and due process rights she fought zealously to ensure for herself during her own employment litigation when she was terminated from Wesley College. Thus, Ferguson's actions were so extreme, outrageous, and outside the scope of her employment that the statutory protections of Del.Code Ann. tit. 10, § 4001 provide her no immunity. In addition, Ferguson intentionally and willfully disregarded her ministerial duties as an Unemployment Referee, and she is not covered under Delaware's Sovereign Immunity for state employees. And thus, she is held personally liable and Plaintiff will be seeking a writ of attachment to be conveyed against her property located at 206 Fox Road, Dover Delaware 19901, due to her extensive history of eluding creditors and past judgements.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C §§ 1331, 1332, 1343 and 1367, as well as diversity jurisdiction and principles of supplemental and pendant jurisdiction. Venue is appropriate in this Court pursuant to 28 U.S.C § 1391. This Complaint is filed under the Civil Right Act- 42 U.S.C.S. § 1983 (Failure to Provide Adequate Procedural Due Process).

. 3. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

4. This Judicial District has personal jurisdiction over Bettina C. Ferguson. As she owns property within this judicial district and has previously consented to, and enjoyed the protections of, Delaware Courts. Such examples including when she suffered an adverse employment action while working at Wesley College, and then sought adjudication with Delaware Courts *Ferguson v. Wesley Coll.*, Civil Action No. 1287-K, 1995 Del. Ch. LEXIS 103 (Ch. May 4, 1995). When she later tried to sue her employer for not treating her fairly during her termination proceedings. *Ferguson v. Wesley*

*Coll.*, C.A. No. 99C-07-109 WTQ, 2000 Del. Super. LEXIS 146 (Super. Ct. Mar. 23, 2000). In addition, Court records show that Ferguson has a frequent and colorful history of being sued for her behavior, and has enjoyed the protections of Delaware's Courts in *at least* ten (10) other Delaware State Court civil suits in which she has been a Defendant, including but not limited to, debt judgments. Lastly, Ferguson previously consented to the personal jurisdiction of the Federal District Court for the District of Delaware during at *least* two other civil actions; including when she was sued by her employer for misuse of the university email system. *Wesley Coll. v. Pitts*, 974 F. Supp. 375 (D. Del. 1997). As well as a bankruptcy proceeding on her home on 11/28/2001 (See US District Court Case No.0111430).

5. The amount in controversy exceeds $75,000.00.

**PARTIES**

6. Plaintiff, Brooks M. Witzke, is currently receiving service of process for matters of this action at the law firm ROMMEL and ASSOCIATES, located at 108 West Main Street, Salisbury Salisbury, Maryland 21801.

7. Defendant, Bettina C. Ferguson, ("Ferguson" or "Defendant Ferguson"), is a citizen of the State of Delaware residing at 206 Fox Road, Dover Delaware 19901. Defendant Ferguson acted individually; her actions were done in bad faith and were so malicious, intentional, and wanton and grossly negligent that she was not acting within the scope of her employment, but was still acting under color of law as an agent or employee for the State of Delaware. And thus, Ferguson is personally liable in this action.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff was born and raised in Delmar Delaware, and is a graduate of Greenwood Mennonite High School. Plaintiff obtained his Associates Degree in Criminal Justice at the Delaware

Technical and Community College, and then obtained his Bachelor's Degree in Criminal Justice at Wilmington University where he was honored by the University's Dean, Jack Varsalona, for making the Academic Deans List for four concurrent semesters. Plaintiff then fulfilled his lifelong dream of attending a prestigious law school in pursuit of his Juris Doctorate Degree, Plaintiff attended law school with the focus of one day advocating for sexually abused children, and he was proud to be the only student at his law school that was honored with a full scholarship to fulfill this honorable goal. Plaintiff is a strong advocate for providing free representation for children and indigent persons who other attorneys have turned away.

9. On December 10, 2015, plaintiff arrived for a scheduled hearing with the Delaware Division of Unemployment Insurance located at 8 Georgetown Plaza, Suite 2 Georgetown, DE 19947. Plaintiff arrived with two witnesses he brought with him, Joseph and Janet Kansak, which, at the time, were his employers.

10. The hearing in question was to take place in front of Defendant Ferguson, who was working in her capacity as an "Unemployment Referee." The employee representing the Delaware Division of Unemployment was Claims Deputy Janet Atkins.

11. Upon arrival, Plaintiff told Defendant Ferguson that he wished to present both opening and closing arguments consistent with the requirements of due process and equal protection. Suddenly, without warning or provocation, Ferguson stated "[n]o, I'm not going to let you present any opening or closing arguments, you're not a real lawyer, you earned your law degree from watching Hollywood movies." Ferguson's comment was entirely superfluous and unprovoked; prior to this hearing, Plaintiff had never met Defendant Ferguson, and had never mentioned earning his law degree from Hollywood movies or elsewhere.

12. In response to Ferguson's comment, Plaintiff then voiced his concerns, and cited Rule 28 §1654 from the United States Code, which provides, in pertinent part:

> "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Plaintiff cited this law with the expectation that Ferguson would comply with the law, which is binding authority, and provide him the same rights as she would any other litigant.

13.  In response to Plaintiff's objection, Ferguson threatened plaintiff: "Yeah, yeah, your just pro-se, if you attempt to give an opening and closing argument, I will report you for practicing law without a license." Ferguson had no lawful reason for her threat other than to maliciously, willingly, wantonly, and recklessly cause emotional harm and deprive Plaintiff of his right to a fair hearing, and the right to represent himself consistent with the Due Process Clause of the Fourteenth Amendment, and the statutory provisions of the State of Delaware.

14.  It was at that time Ferguson reiterated her previous assertion: "Brooks, I know your type, and I have seen your type before, you earned your law degree from watching movies." This statement from Ferguson served no lawful purpose other than to deprive Plaintiff of a fair hearing under the Due Process Clause of the Fourteenth Amendment and intentionally cause extreme emotional distress which would hinder his ability to litigate the case.

15.  The Supreme Court Previously suspended an attorney from the Delaware bar for six (6) months and one day for making comments to a pro-se litigant that were sarcastic and condescending; the lawyer made improper commentary, made disparaging remarks about a pro-se litigant with numerous demeaning remarks focused on his self-representation; the lawyer even made comments regarding the defendant's lack of legal education and him not being a "real lawyer." *In re Favata*, 119 A.3d 1283, 1289-90 (Del. 2015). The court found that the lawyer engaged in conduct intended to disrupt the tribunal and/or engaged in undignified and discourteous conduct that was degrading to the tribunal, in violation of Del. Rules of Prof'l Conduct Rule 3.5(d). *Id.* The court came to this conclusion after reasoning "attorney misconduct that disparages a defendant for

making the choice to proceed pro se interferes with his right to a fair trial and his right of self-representation, and violates Rule 3.5." *Id* at 1286.

16. Plaintiff, being familiar with the information contained in paragraph 15 of this Complaint, informed Ferguson that her actions could be interpreted as being "prejudicial to the administration of justice." Ferguson responded by saying "wow, those are some big words you are using, good for you."

17. When the hearing was in session, Plaintiff attempted to ask general questions to the state's witness, Janet Atkins. When Plaintiff requested that Ms. Adkins state her name, Ferguson stated "I don't want to let you ask her for her name, I know the witness personally and don't need to hear it." This conduct was intended to deprive Plaintiff of his Due Process rights, and his ability to confront opposing witnesses. Fergusons action served no lawful purpose but to intentionally and maliciously deprive Plaintiff's Constitutional Rights.

18. During the course of the hearing, Plaintiff attempted to ask the Janet Atkins if she had ever been charged with any crimes of dishonesty, and attempted to impeach her with a certified court document which implemented Janet Atkins as a defendant in a separate case. Defendant Ferguson would not even allow plaintiff to even finish the question and stated "I'm not letting you ask that question, yeah um NO!" (emphasis supplied). Ferguson offered no explanation to justify blocking plaintiff's ability to address the credibility of the opposing witness other than the fact that she was displaying her intent to deprive the plaintiff the right to due process, as all parties to an Unemployment Appeals hearing *always* have the right to "explain, rebut, contradict, or impeach" any witness at their hearing. *Eckeard v. NPC Int'l, Inc.*, No. : 12A-02-001 (RBY), 2012 Del. Super. LEXIS 455, at *12 (Super. Ct. Oct. 17, 2012).

19. Plaintiff attempted to move to his next line of questioning, and attempted to ask Janet Atkins about her educational background, and if she had any experience or professional-

certifications involving accounting or financial mismanagement. Upon asking his question, Ferguson laughed and made condescending remarks, stating: "remember how you just asked her if she was a fire-marshall?" Ferguson had no lawful reason for this action other than to inflict inadequate and unconstitutional-procedural due process.

20. Plaintiff then attempted to ask Janet Atkins twenty two (22) separate questions he had written down on a sheet of paper, Defendant Ferguson interrupted Plaintiff in 18 of the 22 questions mid-sentence, saying "you're not asking a real question." However, when it was Janet Atkins turn to ask questions, **not only did Ferguson fail to interrupt her, but Ferguson, *sua sponte*, recommended questions for Janet Atkins to ask and asked questions on her behalf**.

21. When plaintiff attempted to object to hearsay evidence that was introduced during his hearing, Plaintiff directly cited the case of *Geegan v. Unemployment Comp. Com.*, 45 Del. 513 (1950), a case that excludes hearsay evidence at an unemployment hearing. Ferguson, while acting in her position as a "neutral and detached" judicial officer, responded "I don't care about Clarence T. Geegan or whatever you're trying to cite, I don't care about what the law says, **for that matter I will go and find the person who wrote that document personally just so I can admit it [the evidence] against you!** . . ." Ferguson had no lawful reason for this action other than to inflict inadequate and unconstitutional-procedural due process secured by the Constitution of the United States and Delaware Statutory Law.

22. Although Plaintiff was denied his right to provide a closing argument, Defendant Ferguson provided one on his behalf. At the time Plaintiff would have given his closing argument, Ferguson laughed hysterically, and asked the claims referee **"I bet this isn't the first time this kid has been on unemployment huh?"**

23. Ferguson's conduct at Plaintiff's hearing conspicuously differed from that when she pursued a claim on her own behalf, when her personal and economic interests were at stake.

According to public record, Ferguson herself fought zealously to ensure fairness in her own employment hearing, and sought protections from the Delaware Court of Chancery to ensure that the administrative board overseeing her own employment hearing were not biased. *Ferguson v. Wesley Coll.*, Civil Action No. 1287-K, 1995 Del. Ch. LEXIS 103 (Ch. May 4, 1995). In *Ferguson*, Defendant (Ferguson) was subjected to an adverse employment action which resulted in her exercising her right to present a case before an administrative hearing board. *Id.* Ferguson sought an injunction from the Delaware Court of Chancery to ensure that the members of the administrative panel were non-biased; ensuring her right to a fair hearing consistent with due process. *Id.* at 2. Ferguson was required to, and did show (1) that she would suffer irreparable harm before a final hearing on the merits; and (2) that the harm to her if the injunction was denied outweighed the harm to the College if the injunction was entered. *Id.* at 3. This shows that Ferguson had subjective knowledge of the harm that would be suffered by Plaintiff if he was not provided due process in his administrative hearing—specifically—if Plaintiff was tried by someone who did not afford him a fair hearing or showed bias.

24. According to public record, Defendant Ferguson was again subjected to an adverse employment action when she was terminated from her employment with Wesley College after she was caught, and later sued for, the unauthorized interception and disclosure of the university's electronic communications under 18 U.S.C. §2511, and violations of the State law regarding the misuse of computer system information under 11 Del. C. §935. *Wesley Coll. v. Pitts*, 974 F. Supp. 375 (D. Del. 1997). During the litigation for this charge, Defendant Ferguson (also the defendant in that case) **proceeded Pro-Se, and she was afforded, and did take advantage of, the opportunity to litigate her employment action Pro-Se in conjunction with due process**. *Id.* at 379. Defendant Ferguson intentionally and maliciously deprived Plaintiff of his same right to litigate his employment issue, and she intentionally sabotaged *Plaintiff's* ability to litigate Pro-Se, after ensuring and enjoying,

this very same right *herself* in her own employment action. Defendant Ferguson had a full chance to litigate her own case Pro-Se, and then later deprived Plaintiff of the same right she enjoyed herself.

25. According to public record, Defendant Ferguson, after fancying herself in the right to litigate her own case Pro-Se in *Wesley,* later turned around and actually sued the same employer when she claimed that the University treated her employment action with malice, and that they intentionally and willfully engaged in an abuse of process and malicious prosecution. *Ferguson v. Wesley Coll.*, C.A. No. 99C-07-109 WTQ, 2000 Del. Super. LEXIS 146 (Super. Ct. Mar. 23, 2000). In *Ferguson,* Defendant-Ferguson (who was the plaintiff in that case), claimed that, due to her employer not affording her certain due process rights in her own termination proceedings, she was the victim of a "cloud" created by her termination proceedings that "effectively prevented [Ferguson] from returning to the practice of law and that she has incurred additional financial damages." *Id.* at 3. Ferguson would later state in the same case, that her employer's actions were "motivated by malice" and that she would be "seeking damages for malicious prosecution and abuse of process." *Id.* This proves that Ferguson had subjective knowledge that (1) Plaintiff should be afforded due process rights in his employment proceedings, (2) the presence of "malice" or "abuse of process" could cause an action that, by her own admission, would create a "cloud" that might hinder Plaintiff's career as a child-advocacy attorney. Defendant Ferguson acted with absolute malice, intent, and an utter indifference towards Plaintiffs due process rights, and conducted herself in such a fashion as to inflict the same type of damage on Plaintiff that she claimed was inflicted on her. Defendant Ferguson was so utterly indifferent to Plaintiff's due process rights that she acted as though Plaintiff's due process rights did not even exist.

26. Defendant Ferguson holds a Doctorate of Jurisprudence from the University of Pennsylvania, is admitted to the Delaware Supreme Court, has knowledge of the applicable laws of

the United States Constitution, the Delaware Constitution, and the applicable laws regarding unemployment-administrative hearings and the requirements of due process.

27. After Plaintiff's hearing in front of Ferguson, he obviously lost. Plaintiff attempts to appeal the case were unsuccessful and as a result, he has now suffered a judgement placed against him which both hinders his ability to become a licensed attorney in Delaware, damaged his credit, and has caused anxiety-related disorders to which he incurred medical expenses. Plaintiff has also suffered psychological damage which affects his ability to litigate cases.

28. Through knowledge and belief, Plaintiff has reason to believe that Defendant Ferguson was the same Unemployment Referee referenced in *Eckeard v. NPC Int'l, Inc.*, No. : 12A-02-001 (RBY), 2012 Del. Super. LEXIS 455 (Super. Ct. Oct. 17, 2012). In *Eckeard,* the appellant was a receiver of unemployment insurance benefits (claimant), when the Division of Unemployment discovered a discrepancy in her wage reporting. *Id.* at 3. The claimant was eventually disqualified from receiving benefits for one year, due to fraud. *Id.* The claimant requested an appeal and was granted a hearing, presumably in front of Defendant Ferguson. *Id.* at 5. During her hearing, appellant attempted to represent herself pro-se and litigate the case, Defendant Ferguson conducted herself in a fashion which the Delaware Supreme Court ruled "violated [c]laimants due process rights." *Id.* at 10. In particular, Defendant Ferguson blocked the claimant's ability to fully litigate her case, ask questions, and the court found Ferguson conducted herself in a "cavalier nature" and that Defendant Ferguson's comments during the hearing were "condescending, and at worst, seriously mischaracterizes the legal process." *Id.* at 14. The court went on to address that Ferguson's comments were "completely inappropriate." *Id.* In addition, the Court went on to address Defendant Ferguson's responsibilities as an Unemployment Referee, and stated that:

> "While administrative hearings are not subject to all the same 'rules' as judicial proceedings, parties to administrative hearings are entitled to the protections provided by substantive due process . . .[a]t a minimum, [the claimant] should have had the opportunity to be heard, to present testimony and other evidence, and to confront every material fact bearing questions

> at issue in the proceedings and upon which a decision was based . . .parties before an administrative body have the right to 'explain, rebut, contradict, or impeach . . .'" *Id.* at 10-12.

29. The Delaware Superior Court, after listening to the audio from the administrative hearing in *Eckeard*, was so appalled by Defendant Ferguson's behavior, that they overturned Ferguson's administrative decision based entirely on her conduct during the hearing. *Id.* at 31. Defendant Ferguson was made aware that her conduct was inappropriate, condescending, cavalier, and inconsistent with the process of unemployment hearings that it violates claimants' basic rights to due process. Ferguson has a longstanding history with conducting herself in a similar fashion she did during Plaintiff's case, and she has been informed, and been corrected, by judicial bodies in the past. Despite the apparent instruction and warnings from the judicial authority, Ferguson intentionally and maliciously conducted herself in a fashion that would deprive Plaintiff of his basic Constitutional Rights. The court has previously defined—to Defendant Ferguson—her ministerial duties as an unemployment insurance appeals referee, and Defendant Ferguson consciously and willingly disregarded those ministerial duties with the intent to maliciously deprive Plaintiff of his due process rights; she conducted herself in the same way the Delaware Superior Court told her was not acceptable!

**COUNT I – VIOLATION OF 42 U.S.C. §1983 BASED ON FAILURE TO PROVIDE ADEQUATE PROCEDURAL DUE PROCESS PRIOR TO DEPRIVING PLAINTIFF OF LIBERTY AND PROPERTY**

30. Mr. Witzke incorporates by reference the facts and allegations set forth above in the Complaint, as if fully set forth hereunder.

31. Defendant Ferguson had knowledge of, and was complicit with, her ministerial duties as an unemployment insurance appeals referee. The essential job functions of an unemployment insurance referee include "Conducts Unemployment Insurance appeals hearings in accordance with applicable laws." Defendant Ferguson intentionally violated this duty.

32. The knowledge, skills, and abilities each unemployment insurance referee is required to have as their core requirements, which Ferguson attested that she had upon accepting her employment, include:

- Knowledge of Unemployment Insurance laws and Administrative Law procedures.
- Knowledge of the principles and practices of obtaining testimony to preserve the rights of all parties.
- Knowledge of the methods and techniques of legal report preparation.
- Knowledge of the laws concerning admissibility of evidence.
- Knowledge of research techniques.
- Skill in eliciting information.
- Skill in performing legal research.
- Ability to learn, understand, and interpret applicable laws, rules and regulations to case determinations.
- Ability to conduct quasi-judicial hearings.
- Ability to render logical decisions based on testimony given, evidence presented and applicable laws and precedents set.
- Ability to establish and maintain effective working relationships with employees, representatives of private industry, and the general public.
- Ability to communicate effectively both orally and in written form.

33. Defendant Ferguson had subjective knowledge that it was her ministerial duty to uphold Plaintiff's due process right, to "explain, rebut, contradict, and/or impeach." She has been informed of this fact personally by the Delaware Supreme Court when she engaged in similar conduct in another unemployment hearing! Defendant maliciously, intentionally, and willingly deprived the Plaintiff of these very due process rights when she intentionally and consistently made jokes about the law school Plaintiff attended, threatened the Plaintiff if he tried to exercise his right to self-representation, did not allow Plaintiff to testify on his own behalf or provide opening or closing arguments, inhibited Plaintiff's ability to question or impeach witnesses, made jokes and snide remarks about Plaintiffs education, suggested questions for Janet Atkins to ask Plaintiff and asked questions on her behalf, and provided a closing argument on Plaintiffs behalf where she stated "I bet this kid has been on unemployment before huh?"

34. Defendant Ferguson acted maliciously to sabotage Plaintiff's due process right to self-representation, and the ability to exercise his rights ensured by the United States Constitution as

well as the Constitution of the State of Delaware. Ferguson was made aware—both beforehand and at the time of her actions—that they were unlawful, and she acted with malice by continuing to engage in conduct intended to deprive Plaintiff of due process secured by the Fourteenth Amendment of the United States Constitution, including threatening the Plaintiff.

35. Defendant Ferguson intentionally and maliciously deprived Plaintiff of a right secured by the United States Constitution, and she laughed and made jokes while she was doing it. Defendant Ferguson acted with the intention to inflict harm on the Plaintiff, Defendant Ferguson acted intentionally and maliciously, with deliberation and premeditation. Ferguson knew that depriving Plaintiff of due process would damage and cause harm to him, Ferguson had knowledge of the intended result, because she intentionally deprived Plaintiff of the same very rights she fought zealously to ensure for herself during her own employment- administrative hearing, just before she was terminated by Wesley College for tampering with the college email system. *Ferguson v. Wesley Coll.*, Civil Action No. 1287-K, 1995 Del. Ch. LEXIS 103 (Ch. May 4, 1995).

36. Ferguson acted intentionally, maliciously, and with premeditation. Ferguson conducted herself intentionally because she was jealous of Plaintiff's aspiring law career, and wanted him to suffer the same fate she did in her own law career. She stated (under oath) that her being deprived the basic due process rights in her own employment case created a "cloud . . . that has effectively prevented me from returning to the practice of law. . . ." *Ferguson v. Wesley Coll.*, C.A. No. 99C-07-109 WTQ, 2000 Del. Super. LEXIS 146, at *3 (Super. Ct. Mar. 23, 2000).

37. At the time of Defendant Ferguson's conduct which is subject to this complaint, she was not acting within the scope of her employment with the State of Delaware, but was acting under the color of State Law. And thus, she is personally liable in this action.

38. As a direct and proximate result, Plaintiff suffered and continues to suffer damages, including but not limited to past, present, and future economic damages, damage to his career, damage to his credit, past and future medical expenses, and emotional distress.

**COUNT II- VIOLATION OF DEL. CODE ANN. TIT. 19, § 3318 (c) BASED ON FAILURE TO AFFORD PLAINTIFF A REASONABLE OPPORTUNITY FOR A FAIR HEARING**

39. Mr. Witzke incorporates by reference the facts and allegations set forth above in the Complaint, as if fully set forth hereunder.

40. Defendant Ferguson had a ministerial duty to provide Plaintiff with a reasonable opportunity for a fair hearing.

41. Defendant Ferguson intentionally, knowingly, and maliciously violated that ministerial duty; Defendant Ferguson knew--and was told personally by the Delaware Superior Court--that the opportunity for a fair hearing included:

" The protections provided by substantive due process . . .[a]t a minimum, include the opportunity to be heard, to present testimony and other evidence, and to confront every material fact bearing questions at issue in the proceedings and upon which a decision is based . . .parties before an administrative body have the right to 'explain, rebut, contradict, or impeach . . .'" *Eckeard,* 2012 Del. Super. Lexis 455 at 10-12.

42. Defendant Ferguson knowingly, intentionally, and maliciously violated that ministerial duty by intentionally sabotaging Plaintiff's pro-se representation, threatening the Plaintiff with disbarment if he tried to litigate his case, intentionally inhibiting Plaintiff's ability to ask questions, present evidence, impeach, rebut, and cross examine. Ferguson's actions were done with a blatant disregard, and with such deliberate indifference to Plaintiffs rights that she acted as if such rights did not exist.

43. Defendant Ferguson was made aware that her actions of being "cavalier," and "condescending" are "completely inappropriate" and was contrary to her ministerial duty to provide Plaintiff with a reasonable opportunity for a fair hearing as described in *Eckeard.* Defendant

Ferguson also had subjective knowledge that it was a pre-requisite of her employment to have "knowledge of Unemployment Insurance laws and Administrative Law procedures, and to preserve the rights of all parties."

44. Defendant Ferguson intentionally disregarded these ministerial duties when she consistently made jokes about the law school Plaintiff attended, threatened the Plaintiff if he tried to exercise his right to self-representation, did not allow Plaintiff to testify on his own behalf or provide opening or closing arguments, inhibited Plaintiff's ability to question or impeach witnesses, made jokes and snide remarks about Plaintiffs education, suggested questions for Janet Atkins to ask Plaintiff and asked questions on her behalf, and provided a closing argument on Plaintiffs behalf where she stated "I bet this kid has been on unemployment before huh?"

45. Although the Division of Unemployment Insurance can promulgate its own hearing rules to some degree, "*the guarantee of due process trumps all else.*" *Caldwell Staffing Servs. v. Ramrattan*, No. 02A-07-002-JEB, 2003 Del. Super. LEXIS 23, at *12 (Super. Ct. Jan. 29, 2003).

46. As a direct and proximate result, Plaintiff suffered and continues to suffer damages, including but not limited to past, present, and future economic damages, damage to his career, damage to his credit, past and future medical expenses, and emotional distress.

## COUNT III VIOLATION OF 28 U.S.C.S. § 1654 BASED ON FAILURE TO ALLOW PLAINTIFF TO CONDUCT HIS OWN CASE PERSONALLY

47. Mr. Witzke incorporates by reference the facts and allegations set forth above in the Complaint, as if fully set forth hereunder.

48. Defendant Ferguson had a ministerial duty to allow Plaintiff to conduct his own case personally and without counsel.

49. Defendant Ferguson had subjective knowledge of this right and duty; Defendant Ferguson has been subjected to at *least* ten civil actions to which she has been a defendant. Defendant Ferguson has been afforded, and has enjoyed the right, to fully litigate and represent her

cases personally as a Pro-Se litigant. Defendant Ferguson has even exercised her right to Pro-Se representation in employment disputes, and in this specific Court. Defendant Ferguson has always made certain that she was afforded all the rights and privileges as any other attorney while litigating her cases Pro-Se; including the right to opening and closing arguments.

50. Defendant Ferguson breached this ministerial duty with intent, malice, and wantonness; Defendant Ferguson stated to the Plaintiff that she would not allow him to represent his case pro-se, and that she only "lets attorneys do that." She then insulted and threatened Plaintiff by saying "No I'm not going to let you present any opening or closing arguments, you're not a real lawyer, you earned your law degree from watching Hollywood movies." When Plaintiff attempted to voice his objection, and cited the law referenced in this charge, Ferguson showed a blatant disregard for the very law referenced herein by saying "Yeah, yeah your just pro-se, if you attempt to give an opening and closing argument, I will report you for practicing law without a license." When Plaintiff advised her that her actions of violating the Code subject to this charge was prejudicial to the administration of justice, Defendant Ferguson stated "wow, those are some big words you are using, good for you." Defendant Ferguson was so utterly indifferent to the Code subject to this charge she acted as if it did not exist.

51. According to public record, Defendant Ferguson was subjected to an adverse employment action when she was terminated from her employment with Wesley College after she was caught, and later sued for, the unauthorized interception and disclosure of the university's electronic communications under 18 U.S.C. §2511, and violations of the State law regarding the misuse of computer system information under 11 Del. C. §935. *Wesley Coll. v. Pitts*, 974 F. Supp. 375 (D. Del. 1997). During the litigation for this charge, Defendant Ferguson (also the defendant in that case**) proceeded Pro-Se, and she was afforded, and did take advantage of, the opportunity to litigate her employment action Pro-Se in conjunction with due process**. *Id.* at 379. Defendant

Ferguson intentionally and maliciously deprived Plaintiff of his right to litigate his employment issue, and she intentionally sabotaged *Plaintiff's* ability to litigate Pro-Se, after ensuring and enjoying, this very same right *herself* in her own employment action. Defendant Ferguson had a full chance to litigate her own case Pro-Se, and then later deprived Plaintiff of the same right she enjoyed herself.

52. According to public record, Defendant Ferguson has proceeded Pro-Se in <u>numerous</u> civil actions, and her actions of depriving Plaintiff of such a right are beyond the scope of negligence, *but one of intent and absolute maliciousness which shocks the conscious.*

53. As a direct and proximate result, Plaintiff suffered and continues to suffer damages, including but not limited to past, present, and future economic damages, damage to his career, damage to his credit, past and future medical expenses, and emotional distress.

WHEREFORE, Plaintiff, Brooks Witzke, demands judgment for the damages and violation of his constitutional rights against Bettina C. Ferguson, for actual general, special, nominal, and compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses, and such other relief as the nature of his cause and principles of justice may require.

## <u>PRAYERS FOR RELIEF</u>

WHEREFORE, the above premises considered, Plaintiff, Brooks Witzke, demands:

1. That process issue to Defendant, and that she be required to answer in the time allowed by law.

2. That judgment be rendered in favor of Plaintiff, and against Defendant, on all causes of action asserted herein.

3. That Plaintiff be awarded punitive damages against the Defendant in an amount sufficient enough to punish her and deter her from engaging in this conduct in the future.

4. That Plaintiff be awarded the reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C § 1988 (b) and (c) and pre and post-judgement interest.

5. Nominal Damages

6. Compensatory Damages (including medical expenses)

7. That Plaintiff receives other further and general relief as it may appear he is entitled.

8. A jury for the trial of this matter.

Date: September 11, 2017

Brooks M. Witzke
bwitzke@mail2.cu-portland.edu
108 West Main Street, Suite 2B
Salisbury, Maryland 21803
Telephone 443-859-8131 (Office)
302-604-4925 (Cell)
*Attorneys for Plaintiff (Pro-Se)*

ROMMEL & ASSOCIATES, LLC
108 West Main Street, Suite 2B
Salisbury MD 21801
U.S. POSTAGE
PAID
BOISE, ID
83708
SEP 08, 17
AMOUNT
$3.80
R2304M113214-0
1000
19801
Office of The Clerk
United States District Court
844 North King St. Unit 18
Wilmington, DE 19801-3570
FILED
SEP 11 2017
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
USPS TRACKING NUMBER