IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BROOKS M. WITZKE,           )
                            )
          Plaintiff,        )
                            )
     v.                     )     Civil Action No. 17-1295-CFC
                            )
BETTINA CECILE FERGUSON,    )
                            )
          Defendant.        )

Brooks M. Witzke, Salisbury, Maryland. Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

January 4, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Brooks M. Witzke ("Plaintiff"), who proceeds *pro se* and has paid the filing fee, filed this action pursuant to 42 U.S.C. § 1983, 19 Del. C. § 3318(c) and 28 U.S.C. § 1654. (D.I. 1) Before the Court is Defendant's motion to vacate Clerk's entry of default and motion to dismiss, opposed by Plaintiff. (D.I. 14 18, 19). Also before the Court is Plaintiff's motion to strike immaterial, impertinent, or scandalous matter, opposed by Defendant Bettina Cecile Ferguson ("Defendant") and Plaintiff's motion to strike Betty Lord Declaration. (D.I. 21, 23, 24)

## I. BACKGROUND

Plaintiff applied for unemployment insurance benefits and appeared at a scheduled hearing before Defendant on December 10, 2015. (D.I. 1 at 4) Plaintiff alleges that Defendant, a former unemployment appeals referee for the Delaware Division of Unemployment Insurance ("DDUI"), directed numerous disparaging condescending remarks towards him during the hearing. (*Id.* at 4-7) Plaintiff alleges that Defendant, who is sued in her individual capacity, "maliciously, in bad faith and with wanton negligence, intentionally deprived Plaintiff of his right to due process and be afforded a fair hearing in accordance with the Constitution of the United States, the Constitution of the State of Delaware, and the statutory protections of the State of Delaware." (D.I. 1 at 1-2) The Complaint alleges that Defendant's "actions were so extreme, outrageous, and outside the scope of her employment" that she has no immunity under 10 Del. C. § 4001, and she is not covered under Delaware's Sovereign Immunity for State employees because Defendant "willfully disregarded her ministerial

1

duties as an unemployment referee." (*Id.* at 2) Plaintiff was denied unemployment benefits.[1] (*Id.* at 10) He alleges that his attempts to appeal the case were unsuccessful.[2] (*Id.*)

The Complaint contains three counts: (1) Count I alleges a violation of 42 U.S.C. § 1983 based on failure to provide adequate procedural due process prior to depriving Plaintiff liberty and property; (2) Count II alleges a violation of 19 Del. C. § 3318(c) based on failure to afford Plaintiff a reasonable opportunity for a fair hearing; and (3) Count III alleges a violation of 28 U.S.C. § 1654 based on failure to allow Plaintiff to conduct his own case personally. Plaintiff seeks compensatory and punitive damages.

Plaintiff commenced this action on September 11, 2017 and sought additional time to serve Defendant because he was having difficulty locating her. (D.I. 5) On December 28, 2017, he was given an additional 60 days from the date of the order to serve Defendant. (D.I. 6) On March 12, 2018, Plaintiff was granted a second extension

---

[1] On December 10, 2015, Defendant affirmed and modified the decision of the claims deputy and found that Plaintiff "knowingly failed to disclose a material fact to the Department of Labor on July 5, 2015 to collect benefits to which he was not lawfully entitled." (D.I. 23 at 7) Plaintiff was disqualified "due to fraud for a period of one year." (*Id.*)

[2] In his opposition to Defendant's motion Plaintiff provides the second page of a decision by the Unemployment Insurance Appeal Board. (D.I. 18-1 at Ex. A) The Court is unable to determine if the decision is a ruling of an appeal of the December 10, 2015 decision. Exhibit A indicates that Plaintiff appealed on June 27, 2016, the review hearing was held on July 6, 2016, the decision was mailed on July 12, 2016, and the decision became final on July 22, 2016. (D.I. 18-1) The appeals referee determined that Plaintiff's appeal of the claims deputy's determination was untimely. (*Id.*) The Appeal Board adopted the decision of the appeals referee as its own, it denied Plaintiff's application for further review and stated that the "decision of the Department determining that Claimant's appeal was untimely filed and thus not reviewable is affirmed." (*Id.*)

2

of time and given until 60 days from the date of the order to serve Plaintiff. (D.I. 8) The order advised Plaintiff that there would be no further extensions. (*Id.*) On May 23, 2018, Plaintiff filed an affidavit of service and return of service that indicated a private process server had served Defendant on May 3, 2018, upon the DDUI. (D.I. 9) When Defendant did not timely answer or otherwise appear, Plaintiff sought an entry of default. (D.I. 12) The Clerk's entry of default was entered on July 9, 2018. (D.I. 13)

On July 16, 2018, Defendant filed a combined motion to vacate entry of default and to dismiss. (D.I. 14) Defendant moves to vacate the entry of default on the grounds that she was not properly served. She moves to dismiss on the grounds that: (1) the Complaint has not been timely served; (2) the Court lacks jurisdiction over Plaintiff; (3) the procedural due process claims are barred because Plaintiff had state remedies available to him to provide due process; and (4) the claims are barred by absolute judicial immunity.

## II. ENTRY OF DEFAULT

An entry of default was entered when Defendant did not answer or otherwise appear. Defendant moves to set aside the entry of default on the grounds she was not properly served. Plaintiff responds that Defendant was properly served. The parties filed competing affidavits. (*See* D.I. 14 at 7; D.I. 18-2, D.I. 20)

The decision to vacate the entry of default lies within the sound discretion of the trial court. *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). The Court considers three factors in exercising its discretion to vacate a default judgment; (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a

meritorious defense, and (3) whether the default was the result of the defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984). Any doubtful cases are "to be resolved in favor of the party moving to set aside the default judgement so that cases may be decided on the merits." *Id.* at 195.

These factors evaporate if service of process was ineffective. *See In re Shepherd*, 2018 WL 6132031, at *2 (Bankr. D.N.J. 2018). An entry of default may be set aside where service of process is lacking. *See e.g., Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 603 n.3 (D.N.J. 2003) (court need not consider the factors to vacate a default entry where service of process is lacking); *Smalls v. Buckalew Frizzell & Crevina LLP*, 2014 WL 2889645, at *1 (D.N.J. 2014) ("failure to effect proper service constitutes good cause" to set aside entry of default); *Church-El v. Bank of New York*, 2013 WL 1190013, at *3-6 (D. Del. 2013) (granting defendant's motion to set aside entry of default for insufficient service of process and denying plaintiff's motion for default judgment).

The return of service states that service was effected on May 3, 2018, upon Betty Lord ("Lord") at the DDUI. (D.I. 9) In support of her motion, Defendant filed the declaration of Lord, who is employed by the Department of Labor, Division of Unemployment Insurance ("DOL-DUI"). (D.I. 14 at 7) Lord states that she was led to believe that she was accepting service on behalf of the DOL-DUI, not Defendant. (*Id.*) She states that Defendant was not employed the DOL-DUI, was not employed by it in

May 2018, and Lord was not authorized to accept service on behalf of Defendant in May 2018. (*Id.*)

In turn, Plaintiff filed the declaration of Kenneth Gaskins ("Gaskins") the private process server engaged by Plaintiff. (D.I. 18-2) Gaskins states that he "made contact" with Lord who informed him that she was the "Head Unemployment Insurance Referee" for the State of Delaware and Defendant's director supervisor. (D.I. 18-2 at 5) In Lord's declaration in support of Defendant's reply,[3] she denies that she identified herself in that manner and that she told Gaskins several times she did not know anyone named Bettina Ferguson. (D.I. 20 at 1)

Gaskins states that he told Lord he was there to serve Defendant and, if Defendant was not present, then he was on his way to Wilmington, Delaware, to serve the Delaware Attorney General. (D.I. 18-2 at 5) Gaskins states that Lord assured him that there was no need to drive to Wilmington to the serve the Attorney General because service of process was accepted there, and it would be forwarded to the Attorney General as a regular part of her duties. (*Id.*) Lord states that she told Gaskins she could accept service on behalf of DOL-DUI, and she would forward the documents he provided to the appropriate person in DOL-DUI's Wilmington office. (D.I. 20 at 1) Lord states that Gaskins indicated it was good enough for him because it saved him a trip to the Wilmington office. (*Id.*) Lord states that Gaskins did not tell her that by "the

---

[3] Plaintiff moves to strike Lord's reply declaration under Fed. R. Civ. P. 56. (D.I. 24) The motion will be denied. Rule 56 pertains to motions for summary judgment. At this juncture, the Court must consider whether there has been proper service, not whether summary judgment is appropriate.

5

Wilmington office" he meant the Attorney General's Office, she did not mention the Attorney General's Office, and she is not authorized to accept service on behalf of the Attorney General. (*Id.* at 1-2)

Given the parties' divergent positions and Lord's uncontroverted statement that she was not authorized to accept service for Defendant, the Court concludes that Defendant has not yet been properly serviced. Therefore, I will exercise my discretion and vacate the entry of default. Defendant's motion to vacate the entry of default will be granted.

## III. MOTION TO DISMISS

Defendant's combined motion seeks dismissal of the Complaint: (1) for failure to comply with the service requirements of Fed. R. Civ. P. 4(m); (2) for lack of personal jurisdiction; (3) as barred because Plaintiff had State remedies available to him to provide due process; and (4) as barred by Defendant's absolute judicial immunity.

Plaintiff opposed the motion and filed a motion to strike immaterial, impertinent, or scandalous matter. (D.I. 21) More particularly, Plaintiff seeks to strike statements that he was found to have committed fraud in his receipt of unemployment benefits believing it might affect the impartiality of the court. The statements are contained in the ruling against him by Defendant and Plaintiff placed that ruling in issue by referring to the fact that he "lost" the hearing in front of Defendant. (*See* D.I. 1 at 10) The motion to strike will be denied.

### A. Legal Standards

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

7

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B.   Discussion

The Court first observes that Plaintiff could have raised his claims against Defendant had he sought judicial review of the decision of the Unemployment Insurance Appeal Board first with Delaware's Superior Court and then with the Delaware Supreme Court. *See* 19 Del. C. § 3323; *see also Shockley v. Employment Security Comm'n*, 1971 WL 125488 (Del. Super. 1971) (rehearing granted upon appeal upon violation of due process rights and denial of unemployment compensation). It does not appear that Plaintiff sought review before the Superior Court.

In addition, Count I, raised under 42 U.S.C. § 1983 is very similar to Count II, raised under 19 Del. C. § 3318(c), a section of Delaware's unemployment insurance law that speaks to the decision of the claims deputy, the process to appeal that determination, and the right to a reasonable opportunity for a fair hearing. Any claim for violation of this statute could have been raised following the decision by the Appeal Board as part of the unemployment insurance compensation process. *See Shockley, supra*.

Finally, Count III attempts to raise a claim under 28 U.S.C. § 1654 which states that persons in federal courts may conduct their own cases personally or by counsel. There is no indication that this statute creates a private right of action of any kind. *See Conner v. Duncan*, 2015 WL 1475718, at *3 (M.D.N.C. 2015). The statute does not state a valid claim for relief.

The Court now turns to the case dispositive issue of Defendant's immunity from suit. Defendant contends she has absolute immunity from suit, while Plaintiff argues that Defendant is not entitled to quasi-judicial immunity.

The Department of Labor appoints one or more impartial appeal tribunals consisting of either a referee[4] or a three-body member to hear and decide disputed unemployment insurance compensation claims. *See* 19 Del. C. § 3319. When a claimant disagrees with a claims deputy's determination concerning an award of benefits, the claimant may request an appeal hearing before an appeals referee. *See* State of Delaware Department of Labor Division of Unemployment Insurance Employer Handbook at XI, The Appeals Process; https://ui.delawareworks.com/documents/UI%20Employer%20Handbook.pdf (last visited Jan. 9, 2019). The appeals referee conducts a formal, quasi-judicial hearing with witnesses testifying under oath. (*Id.*) The appeals referee reviews the evidence presented and makes a decision in accordance with the unemployment insurance laws of the State of Delaware reversing, affirming, or modifying the claim deputy's determination. (*Id.*)

---

[4] An appeals referee is also referred to as a hearing officer. *See* 19 Del. Admin. C. 1201(1.0).

Judicial immunity is afforded to individuals who perform ministerial duties of a judicial nature pursuant to a statute, see *Smith v. Rosenbaum*, 460 F.2d 1019 (3d Cir. 1972); *accord Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983), or who perform acts which are judicial in nature and integral to the judicial process. See *Waits v. McGowan*, 516 F.2d 203, 205-06 (1975); *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972). Absolute immunity is available to "certain 'quasi judicial' agency officials who, irrespective of their title, perform functions essentially similar to those of judges . . . in a setting similar to that of a court." *Butz v. Economou*, 438 U.S. 478, 511-17 (1978); *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999).

Here, Defendant is shielded from liability by the absolute immunity afforded quasi-judicial actors. *See, e.g., Calderon v. Connecticut*, 2007 WL 3124717 (D. Conn. 2007) (department of labor officials who ruled against plaintiff's application for unemployment benefits were entitled to quasi-judicial immunity); *Vance v. Watts*, 2007 WL 924259 (C.D. Ill. 207) (same); *Madden v. Chattanooga City Wide Service Dep't*, 2007 WL 895708 (E.D. Tenn. 2007) (same); *Howard v. Food Lion, Inc.*, 232 F. Supp. 2d 585 (M.D.N.C. 2002) (same); *see also Waits v. McGowan*, 516 F.2d at 205-206. As alleged in the Complaint, Defendant presided over Plaintiff's hearing, made witness and evidentiary rulings of a judicial nature, and authored a decision finding against Plaintiff. Clearly, Defendant performed acts judicial in nature, and she has judicial immunity. Therefore, the Court will grant Defendant's motion to dismiss.[5]

---

[5] The Court does not address Defendant's other grounds for relief given Defendant's immunity from suit.

Because Defendant is immune from suit, the Court finds amendment futile.

## IV. CONCLUSION

Based upon the above discussion, the Court will: (1) grant Defendant's motion to dismiss (D.I. 14); and (2) deny Plaintiff's motions to strike. (D.I. 21, 24) The Court finds amendment futile.

An appropriate order will be entered.